Mr. Justice Thacher
delivered the opinion of the court.
This is a motion against Moore, sheriff of Claiborne county, and the sureties in his official bond, under the statute, (H. & H. 462, sec. 42,) for “voluntarily and without authority omitting to levy an execution.”
The following is the return upon the execution : “ Executed this writ according to law by levying on a negro man, a slave named Dick, claimed as the property of Benjamin W. Thompson, Feb. 25, 1847. R. M. Moore, sheriff, by E. Conklin, dep. sheriff. The within named negro slave Dick, levied on as the property of defendant, Benjamin W. Thompson, is claimed by Caroline M. Thompson, wife of said Benjamin W. Thompson, and bond taken for a trial of the right thereof, with B. W. Thompson and James S. Mason as her security thereon, and the *411 said slave delivered to her March 17, 1847. R. M. Moore, sheriff.” All the proof adduced upon the hearing, consisted of the fieri facias and the foregoing indorsement thereon, due notice to the sheriff and his co-defendants in the motion, and the value of the slave. Upon these facts the circuit court pntered judgment against the sheriff.
The sheriff was justified in suspending the final execution of the process. By statute, a feme covert may hold slaves as her separate property, and the law necessarily affords her a means of vindicating any claim she may have t.o such property. It is not impossible that the statute in this particular has so far bestowed upon a married woman a sole character, as to enable her to pursue her remedy alone. But the proceeding upon which the sheriff acted, is clearly almost only voidable, and not void. It was not for him to disregard the proceeding. A claim was made to the property in execution, and a bond executed thereon. This was enough to stay the hands of the sheriff. A voidable process is a sufficient justification to a sheriff.
Judgment reversed, and a judgment directed to be entered in this court, overruling the motion.